B"H

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Case No.: 1:25-cv-_____

**ARI B. TEMAN and GATEGUARD, INC.,**

Plaintiff,

v.

**DEEL, INC.,**

**ALEX BOUAZIZ,**

**MICHAEL TSAKIRELLIS,**

**SHELBY UECKERMANN, ALEX PALMER, CALEB SEET, JOSIE NICHOLLS,**

**SPIROS KOMIS,**

**MEIER WATKINS PHILLIPS PUSCH LLP,**

**DANIEL WATKINS,**

**AMY MCCANN ROLLER,**

**MARC ANDREESSEN,**

**and ANDREESSEN HOROWITZ (A16Z),**

Defendants.

**COMPLAINT**

**Plaintiff**, Ari B. Teman, an individual, appearing pro se[1], brings this action against **Defendants** Deel, Inc., Alex Bouaziz, Michael Tsakirellis, Shelby Ueckermann, Alex Palmer, Caleb Seet, Josie Nicholls, Spiros Komis, Meier Watkins Phillips Pusch LLP, Daniel Watkins, Amy McCann Roller, Marc Andreessen, and Andreessen Horowitz (a16z), and allege as follows:

---

[1] As noted below, Teman intends to retain counsel but is filing this pro se due to the egregious, false, and dangerous ongoing criminal actions of the defendants.

# INTRODUCTION

- This action arises from Defendants' coordinated campaign to defame, defraud, and intimidate Plaintiff through a false and malicious letter (EXHIBIT H) dated July 14, 2025, authored by Defendants Daniel Watkins and Amy McCann Roller of Meier Watkins Phillips Pusch LLP, accusing Plaintiff Teman of "extortion," "defamation," and a "scheme to defraud," and referring the matter to the Southern District of New York (SDNY) to pressure Plaintiff into silence. Defendants' actions were in response to Plaintiff Teman's legitimate inquiries about a $6,304 wire transfer sent on June 10, 2025, to pay contractor Viktor K., which was misdirected due to incorrect wire information (an ACH routing number instead of an account number) provided by Deel's faulty and confusing mobile interface. Defendants ignored weeks of emails, failed to verify a provided wire confirmation number, demanded an unavailable June 2025 monthly bank statement, and terminated Viktor's contract without explanation, causing Plaintiff significant financial and emotional harm.

- Defendants' conduct, orchestrated by Defendant Alex Bouaziz, Deel's CEO, is part of a pattern of criminal activity by Deel, constituting a racketeering enterprise under 18 U.S.C. § 1961 et seq., including wire fraud, false statements, and corporate espionage. Bouaziz personally directed a scheme to steal trade secrets from competitor Rippling, as evidenced by a sworn affidavit from Keith O'Brien, a former Rippling employee, who admitted to spying for Deel under Bouaziz's direct instructions for €5,000/month (Exhibit C). Bouaziz has actively avoided service in Rippling's lawsuit in Ireland, relocating to Dubai, a jurisdiction known for resisting extradition, complicating legal accountability (Exhibit G). This pattern of criminal activity and abuse of process extends to the instant case, where Bouaziz and Deel's leadership used false accusations and a baseless SDNY referral to intimidate Plaintiff and suppress criticism.

- Defendants' actions are all the more egregious as they prey upon Teman, whom they know to be the victim on a "major injustice" and violation of civil rights, as stated by the current US Pardon Attorney Edward Martin, Professor Alan Dershowitz, Professor Lawrence Lessig, SCOTUS Case-winning litigator Ronald Coleman, and many other legal experts on all sides of the political spectrum entirely

pro-bono. The judge in that case is facing two (2) articles of impeachment, and is sued for a conspiracy to defraud Teman and more than 70 other defendants out of conflict-free counsel. Mr. Andreesen is personally aware of this injustice as are the attorneys defendants and they chose to add harm to someone already fighting for their rights and freedoms (see JusticeForAri.org). The US Pardon Attorney and DOJ Head of Civil rights have both publicly called for the case against Teman to be dismissed and/or pardoned.



[2]

- Plaintiff seek compensatory and punitive damages in an amount to be determined by a jury, treble damages under RICO in an amount to be determined by a jury, injunctive relief, and costs for **defamation, fraud, civil conspiracy, tortious interference with business relations, intentional infliction of emotional distress (IIED),** and **civil RICO violations**.

---

[2] Mr. Martin is the United States Pardon Attorney. https://x.com/EagleEdMartin/status/1351554394383396865 He has repeatedly, publicly proclaimed Mr. Teman's innocence on Twitter/X and on his radio show / podcast.

## JURISDICTION AND VENUE

- This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) for the RICO claim under 18 U.S.C. § 1964(c) and 28 U.S.C. § 1332 (diversity) as the parties are citizens of different states (Plaintiff Teman in Florida, Plaintiff GateGuard incorporated in Delaware with an office in Florida, Defendants in California, Delaware, and the UAE) and the amount in controversy exceeds $75,000. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.

- Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events occurred in this district, including the SDNY referral and harm to Plaintiff, who suffered injury in this district due to Defendants' actions.

## PARTIES

- **Plaintiff Ari B. Teman** is an individual and resident of Miami Beach, Florida, and the founder of GateGuard, Inc.

- **Defendant Deel, Inc.** is a Delaware corporation with its principal place of business at 650 2nd Street, San Francisco, CA 94107, providing HR and payroll services.

- **Defendant Alex Bouaziz** is an individual, CEO of Deel, Inc., residing in Dubai, UAE, who has actively avoided service in Rippling's lawsuit and personally directed Deel's criminal activities and abuse of process.

- **Defendant Michael Tsakirellis** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, who corresponded with Teman regarding the wire transfer (Exhibit A).

- **Defendant Shelby Ueckermann** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, who responded belatedly to Teman's inquiries (Exhibit A).

- **Defendant Alex Palmer** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

- **Defendant Caleb Seet** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

- **Defendant Josie Nicholls** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

- **Defendant Spiros Komis** is an individual employed as an internal attorney by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

- **Defendant Meier Watkins Phillips Pusch LLP** is a law firm representing Deel, Inc., with a principal place of business in California.

- **Defendant Daniel Watkins** is an attorney at Meier Watkins Phillips Pusch LLP, residing in California, who drafted or authorized the July 14, 2025 letter.

- **Defendant Amy McCann Roller** is an attorney at Meier Watkins Phillips Pusch LLP, residing in California, who drafted or authorized the July 14, 2025 letter.

- **Defendant Marc Andreessen** is an individual and principal of Andreessen Horowitz, residing in California.

- **Defendant Andreessen Horowitz (a16z)** is a venture capital firm with a 20% stake in Deel, Inc., headquartered in California.

## FACTUAL ALLEGATIONS

- On June 4, 2025, Plaintiff Teman created a Deel account for GateGuard to pay contractor Viktor K. $6,304 for full-stack engineering services, as evidenced by the contract (Exhibit B, Gmail - Deel.PDF, p. 3).

- On June 10, 2025, Teman used Deel's copy-paste mobile interface to send the wire, which provided an ACH routing number instead of an account number, causing the funds to go to the wrong Chase Bank account.

- Teman provided a wire confirmation number, verifiable by Deel with Chase Bank, and sent multiple emails to Defendants Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, and Komis from June 10 to June

18, 2025, seeking clarification, which were ignored for weeks (Exhibit A, Gmail - Teman x Deel.PDF, pp. 1, 6, 9).

- On June 18, 2025, Defendant Ueckermann responded, stating, "This matter was recently escalated to me by our local teams in APAC," and requested a screenshot of the wire information, admitting Deel's delay (Exhibit A, p. 9). Teman replied, questioning Ueckermann's role and threatening legal action against Deel and "A16Z" for failing to pay Viktor or return the funds, stating, "It is now two weeks of your failure to pay our contractor the funds we sent you or to return them" (Exhibit A, p. 9).

- Teman resent the wire with corrected information, but Defendants provided no reply and terminated Viktor's contract without explanation, raising suspicions of a Ponzi scheme given Deel's legal troubles (Exhibit B, p. 3).

- Teman paid Viktor via a competitor platform, demonstrating good faith and making no demands beyond ensuring Deel paid Viktor with the wired funds.

- On July 14, 2025, Defendants Watkins and Roller, on behalf of Meier Watkins Phillips Pusch LLP and Deel, sent a letter to Teman (EXHIBIT H), accusing him of "extortion," "defamation," and a "scheme to defraud," claiming he fabricated the wire issue and posted defamatory X posts (e.g., Deel "stealing payments"). The letter, referred to AUSA Jacob Guttwillig, omitted Teman's emails, wire confirmation, and verifiable transactions, and demanded a June 2025 bank statement, knowing it was unavailable as the month had not ended. Defendant Komis, as Deel's internal attorney, and Defendant Bouaziz, as CEO, participated in or approved this strategy as part of Deel's pattern of abusing legal processes to silence critics.

- AUSA Guttwillig's alleged disclosure and ethical violations in a prior case against Teman amplified the harm of the referral, given his potential bias.

- Defendants' actions caused Plaintiff weeks of wasted time, expenses for Viktor and GateGuard, legal fees to address the SDNY referral, and severe emotional distress, exacerbated by Teman's ongoing legal challenges and the letter's reference to his prior wire fraud conviction.

- Deel's pattern of criminal activity, directed by Defendant Alex Bouaziz, includes corporate espionage, wire fraud, and false statements, as documented in news articles and court filings:

  a. Keith O'Brien, a former Rippling employee, admitted in a sworn affidavit filed in Ireland's High Court that Bouaziz personally recruited him to spy on Rippling, offering €5,000/month to steal trade secrets, including corporate strategy and customer data, stating, "Alex told me he 'had an idea.' He suggested that I remain at Rippling and become a 'spy' for Deel, and I recall him specifically mentioning James Bond" (Exhibit C, TechCrunch, Apr. 2, 2025; Exhibit G, Rippling affidavit). Bouaziz directed O'Brien to search Rippling's Slack, Salesforce, and Google Drive, communicating via Telegram with self-deleting messages to avoid detection (Exhibit G). b. Bouaziz actively avoided service in Rippling's lawsuit, with French bailiffs unable to locate him in Paris on April 10, 2025, as he relocated to Dubai, a jurisdiction known for resisting extradition. Deel's legal team, including Asif Malik, also moved to Dubai, further complicating service (Exhibit G; TechCrunch, Apr. 15, 2025; Ctech, Apr. 14, 2025). Bouaziz only accepted service on April 29, 2025, after prolonged evasion (TechCrunch, Apr. 29, 2025). c. Bouaziz orchestrated a cover-up, instructing O'Brien to destroy his phone after Rippling's honeypot trap exposed the scheme. O'Brien smashed his phone with an axe and disposed of it, per Deel's legal team's advice, to erase evidence (Exhibit G; Business Insider, Apr. 2, 2025). Bouaziz also directed O'Brien to file false law enforcement reports alleging Rippling violated Russian sanctions, an attempt to deflect liability (Ctech, Apr. 2, 2025). d. Deel's espionage targeted at least four competitors, with Bouaziz personally directing the "Bouaziz Racketeering Enterprise" to steal trade secrets, as alleged in Rippling's amended complaint (Rippling, Jun. 5, 2025). e. Deel's false claims against Rippling, accusing it of spying, were made to deflect liability, further evidencing abuse of process (Exhibit E, TechCrunch, Jun. 3, 2025; Exhibit F, The Irish Times, Jul. 10, 2025).

- Defendants Deel, Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, Komis, Watkins, Roller, Andreessen, and a16z coordinated to silence Teman's legitimate criticisms, motivated by Andreessen's 20% stake in Deel and their $12 billion valuation and IPO plans, as evidenced by Teman's reference to

"A16Z" (Exhibit A, p. 9). Bouaziz's history of directing criminal activities and evading legal accountability demonstrates Deel's willful abuse of process in this case.

## EXHIBITS

- **Exhibit A**: Gmail - Teman x Deel.PDF (email thread, Jun. 4–18, 2025).
- **Exhibit B**: Gmail - Deel.PDF (contract details, Jun. 4, 2025).
- **Exhibit C**: Reuters , "Former Rippling employee admits to spying for rival firm Deel," Apr. 2, 2025.
- **Exhibit D**: The New York Times, "Rippling Sues Deel, a Software Rival, Over Corporate Spying," Mar. 17, 2025.
- **Exhibit E**: TechCrunch, "Now Deel is accusing Rippling of spying by 'impersonating' a customer," Jun. 3, 2025.
- **Exhibit F**: The Irish Times, "Judge says he was unfair to law firm in HR companies 'spy' case," Jul. 10, 2025.
- **Exhibit G**: Rippling affidavit of Keith O'Brien, filed in Ireland's High Court, Apr. 1, 2025.

## COUNT I: Defamation (Libel)

- Defendants Deel, Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, Komis, Meier Watkins Phillips Pusch LLP, Watkins, Roller, Andreessen, and a16z published a false written statement in the July 14, 2025 letter, accusing Teman of "extortion," "defamation," and a "scheme to defraud," claiming he fabricated the wire transfer issue.
- The statements were false, as Teman used Deel's copy-paste interface, provided a verifiable wire confirmation, and sent emails seeking clarification, which Defendants ignored (Exhibit A).
- The letter was published to AUSA Guttwillig, satisfying the third-party requirement.
- Defendants acted with actual malice, omitting Teman's emails, wire confirmation, and transactions, and demanding an unavailable June 2025 statement, knowing their accusations were baseless. Defendant

- Bouaziz, with a history of directing false claims (Exhibit G), and Defendant Komis, as Deel's attorney, participated in or approved this strategy as part of Deel's pattern of abuse of process.
- Plaintiff suffered reputational harm (amplified by Teman's prior conviction), legal fees to address the SDNY referral, and emotional distress, worsened by AUSA Guttwillig's alleged bias.
- **Relief**: Compensatory and punitive damages in an amount to be determined by a jury, and injunctive relief to retract the letter.

## COUNT II: Fraud

- Defendants Deel, Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, and Komis provided incorrect wire information (ACH routing number) in Deel's mobile interface, a material false representation.
- Defendants, led by Bouaziz, intended to defraud Plaintiff, as shown by their weeks-long silence (Exhibit A), failure to verify the wire confirmation with Chase Bank, and false letter accusing Teman of fraud while omitting his efforts. Bouaziz's pattern of fraudulent conduct, including directing false claims against Rippling (Exhibit E), supports this intent.
- Teman reasonably relied on Deel's interface, causing the misdirected wire.
- Plaintiff suffered damages, including costs to reverse the wire, expenses from Viktor's termination, legal fees, and lost time.
- **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

## COUNT III: Civil Conspiracy

- Defendants agreed to defame and defraud Plaintiff through the false July 14, 2025 letter and SDNY referral, with overt acts including drafting and sending the letter by Defendants Watkins, Roller, and Komis, under Bouaziz's direction.
- The conspiracy aimed to silence Teman's legitimate criticisms, motivated by Andreessen's 20% stake in Deel and their $12 billion valuation and IPO plans, as referenced in Teman's June 18, 2025 email to

- "A16Z" (Exhibit A, p. 9). Bouaziz's history of orchestrating criminal schemes, including espionage and cover-ups (Exhibit G), demonstrates his leadership in this conspiracy.
- Underlying torts are defamation (false accusations) and fraud (false wire information and letter misrepresentations), causing reputational, financial, and emotional harm.
- **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

**COUNT IV: Tortious Interference with Business Relations**

- Plaintiff had a business relationship with Viktor K., a GateGuard contractor, as evidenced by the June 4, 2025 contract (Exhibit B, p. 3).
- Defendants, led by Bouaziz, intentionally interfered by providing incorrect wire information, ignoring Teman's emails (Exhibit A), terminating Viktor's contract without explanation (Exhibit B), and sending the false letter and SDNY referral.
- Defendants acted with intent to harm, causing expenses from Viktor's termination, lost business opportunities, and legal fees. Bouaziz's pattern of targeting competitors' operations (Exhibit G) supports this intent.
- **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

**COUNT V: Intentional Infliction of Emotional Distress (IIED)**

- Defendants' conduct—providing false wire information, ignoring weeks of emails (Exhibit A), terminating Viktor's contract (Exhibit B), and sending a false letter with an SDNY referral accusing Teman of criminal conduct—was extreme and outrageous, exceeding all bounds of decency.
- Defendants, led by Bouaziz, acted with intent or reckless disregard, knowing Teman's prior legal challenges and AUSA Guttwillig's alleged bias would amplify distress, as evidenced by their omission of Teman's emails, wire confirmation, and transactions, and demand for an unavailable statement. Defendant Komis, as Deel's attorney, and Bouaziz, with a history of directing abusive legal tactics (Exhibit G), participated in or approved this strategy.

- Teman suffered severe emotional distress, including stress, duress, and legal fees, exacerbated by his ongoing legal battles.
- **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

## COUNT VI: Civil RICO (18 U.S.C. § 1962(c))

- Defendant Deel operates as a racketeering enterprise, directed by Defendant Alex Bouaziz, engaging in a pattern of racketeering activity, including wire fraud (18 U.S.C. § 1343), false statements (18 U.S.C. § 1001), and theft of trade secrets (18 U.S.C. § 1832).
- Predicate acts include:

  a. Providing false wire information (ACH routing number) to Teman, causing a misdirected wire on June 10, 2025 (Exhibit A).

  b. Sending a false letter to AUSA Guttwillig on July 14, 2025, accusing Teman of criminal conduct, omitting verifiable evidence (Exhibit A).

  c. Bouaziz personally recruiting Keith O'Brien to spy on Rippling, paying €5,000/month to steal trade secrets, including corporate strategy and customer data, using Telegram with self-deleting messages to avoid detection: "Alex told me he 'had an idea.' He suggested that I remain at Rippling and become a 'spy' for Deel, and I recall him specifically mentioning James Bond" (Exhibit C, TechCrunch, Apr. 2, 2025; Exhibit G). d. Bouaziz directing O'Brien to file false law enforcement reports alleging Rippling violated Russian sanctions, and instructing him to destroy his phone to erase evidence, which O'Brien did by smashing it with an axe (Exhibit G; Business Insider, Apr. 2, 2025). e. Bouaziz avoiding service in Rippling's lawsuit by relocating to Dubai, with French bailiffs unable to locate him in Paris on April 10, 2025, and only accepting service on April 29, 2025, after prolonged evasion (TechCrunch, Apr. 15, 2025; TechCrunch, Apr. 29, 2025). f. Deel's espionage targeting at least four competitors, as alleged in Rippling's amended complaint, demonstrating a broad racketeering enterprise led by Bouaziz (Rippling, Jun. 5, 2025).

- Defendants Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, Komis, Meier Watkins Phillips Pusch LLP, Watkins, Roller, Andreessen, and a16z participated in the enterprise's affairs by ignoring Teman's emails, drafting the false letter, and coordinating to protect Deel's valuation, as motivated by Andreessen's 20% stake and referenced in Teman's email to "A16Z" (Exhibit A, p. 9). Bouaziz's leadership in Deel's criminal activities and abuse of process, including evading service and directing false claims, ties directly to this case.
- Plaintiff suffered injury to business and property, including legal fees, expenses from Viktor's termination, and lost time, proximately caused by Defendants' racketeering activities.
- **Relief**: Treble damages in an amount to be determined by a jury, injunctive relief to enjoin further racketeering, and attorney's fees.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests:

A. Compensatory damages in an amount to be determined by a jury.

B. Punitive damages in an amount to be determined by a jury.

C. Treble damages under RICO in an amount to be determined by a jury.

D. Injunctive relief to retract the July 14, 2025 letter and enjoin further racketeering.

E. Costs and attorney's fees, if applicable.

F. Such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**INTENTION TO RETAIN COUNSEL**

Plaintiff intends to retain counsel in this matter, but is filing immediately due to the egregious, frightening, and shocking behavior of the defendants so as to help ensure transparency and fairness to such an extent as that is possible in the courts against a multi-billion dollar organization.

**CERTIFICATION**

I, Ari B. Teman, certify that the foregoing is true and correct to the best of my knowledge. I understand that false statements may be subject to penalties under 28 U.S.C. § 1746.

Dated: July 15, 2025 / 19 Tamuz, 5785

/s/ Ari B. Teman

Ari B. Teman, Pro Se

[Address redacted for privacy]

ari@teman.com

212-203-3714

## LIST OF EXHIBITS

**Exhibit A**: *Gmail - Teman x Deel.PDF*

- Description: Email thread between Ari Teman and Deel employees (Michael Tsakirellis, Shelby Ueckermann, Alex Palmer, Caleb Seet, Josie Nicholls, Spiros Komis) from June 4 to June 18, 2025, documenting Teman's attempts to resolve the wire transfer issue and Deel's unresponsiveness. Key emails include Ueckermann's June 18 response admitting escalation (p. 9) and Teman's reply threatening legal action against Deel and "A16Z" (p. 9).
- Relevance: Supports claims of defamation, fraud, civil conspiracy, tortious interference, IIED, and RICO by showing Deel's bad faith, omission of evidence in the July 14, 2025 letter, and coordination with a16z.

**Exhibit B**: *Gmail - Deel.PDF*

- Description:  Email thread between Ari Teman and Spiros Komis

**Exhibit C**: *TechCrunch, "Former Rippling employee admits to spying for rival firm Deel," Apr. 2, 2025*

- Description: Article reporting Keith O'Brien's sworn affidavit admitting that Deel CEO Alex Bouaziz recruited him to spy on Rippling for €5,000/month, stating, "O'Brien said he was recruited by Deel CEO Alex Bouaziz to pass on confidential information about Rippling for about 5,000 euros per month."
- Relevance: Supports RICO claim by evidencing Deel's pattern of racketeering activity (theft of trade secrets) and Bouaziz's direct involvement.

**Exhibit D**: *The New York Times, "Rippling Sues Deel, a Software Rival, Over Corporate Spying," Mar. 17, 2025*

- Description: Article detailing Rippling's lawsuit against Deel for corporate espionage, implicating Deel's top executives, including Bouaziz, in orchestrating the scheme.
- Relevance: Supports RICO claim by reinforcing Deel's pattern of criminal activity and executive involvement.

**Exhibit E**: *TechCrunch, "Now Deel is accusing Rippling of spying by 'impersonating' a customer," Jun. 3, 2025*

- Description: Article reporting Deel's false counterclaims against Rippling to deflect liability, stating, "Deel appears to be attempting to make a tit-for-tat case about corporate spying."
- Relevance: Supports RICO and conspiracy claims by showing Deel's pattern of using false legal claims to suppress competitors and critics, consistent with their actions against Teman.

**Exhibit F**: *The Irish Times, "Judge says he was unfair to law firm in HR companies 'spy' case," Jul. 10, 2025*

- Description: Article confirming Deel's involvement in espionage litigation and the broader legal dispute with Rippling.
- Relevance: Supports RICO claim by corroborating Deel's pattern of unlawful conduct.

**Exhibit G**: *Rippling affidavit of Keith O'Brien, filed in Ireland's High Court, Apr. 1, 2025*

- Description: Sworn affidavit by Keith O'Brien detailing Bouaziz's personal direction of the espionage scheme, including instructions to use Telegram with self-deleting messages, file false law enforcement reports, and destroy evidence (e.g., smashing his phone with an axe). Also documents Bouaziz's avoidance of service in France, relocating to Dubai. Referenced in web sources (TechCrunch, Apr. 2, 2025; Business Insider, Apr. 2, 2025; Ctech, Apr. 14, 2025).

- Relevance: Supports RICO, conspiracy, and other claims by evidencing Bouaziz's leadership in Deel's criminal enterprise, abuse of process, and evasion of legal accountability.

**Exhibit H:** Watkins email and letter to Teman