Ari Teman <ari@teman.com>

## Time Sensitive Legal Correspondence re: Deel
1 message

**Amy McCann Roller** <amccannroller@mwpp.com>  Tue, Jul 15, 2025 at 4:06 AM
To: "ari@teman.com" <ari@teman.com>, Daniel Watkins <daniel.watkins@mwpp.com>

Please review the attached time sensitive legal correspondence from Daniel Watkins.

Amy McCann Roller

**MEIER WATKINS PHILLIPS PUSCH**

919 18th Street, NW, Suite 650

Washington, DC 20006

Mobile: (610) 637-8540

Bio | Website

 

 **20250714 Letter to Teman.pdf**
790K



**Daniel P. Watkins\***
daniel.watkins@mwpp.com
(202) 256-4482

**Amy McCann Roller**
amccannroller@mwpp.com
(610) 637-8540

\* Admitted to Practice Only in the Commonwealth of Virginia

July 14, 2025

Via Email

Mr. Ari Teman
ari@teman.com

Re:    Urgent Legal Notice - False Accusations, Extortion, and SDNY Referral

Dear Mr. Teman:

We represent Deel, Inc.

We write concerning your recent scheme to extort and defame Deel through a series of knowingly false allegations and bad-faith threats. Your actions reflect not a bona fide payment dispute but a calculated attempt to leverage fabricated claims for personal gain—an attempt that is as transparent as it is unlawful. Our demand is simple: stop.

On June 4, 2025, you opened an account with Deel, ostensibly to manage employees and vendors for your company, GateGuard.[1] You designated yourself as GateGuard's sole administrator and began onboarding, but added only a single contractor, "Viktor Kaninets." Before Deel could even complete the required additional level of review, you emailed the company on June 10, 2025, claiming to have wired $6,304 to Deel to pay Kaninets: "Viktor's payment still hasn't been sent to him despite us wiring it. Can you please expedite? Please let me know how I can be helpful." The next morning, a Deel informed you that an investigation into the funds was underway. Two days later, you escalated: "What is going on? It seems it may have been a mistake to go with Deel – this is super sketchy. We wired these funds a while ago."[2]

But Deel has no record of receiving this alleged wire. You never recorded a pending payment for the Kaninets invoice in your account. The only "proof" you offered was a TD Bank online transaction summary lacking any beneficiary information, account or routing numbers, or confirmation codes—details that are essential to verify a wire and are conspicuously absent.

---

[1] Deel later discovered that you are currently serving a three-year period of supervision following your federal conviction for wire fraud and subsequent term of imprisonment.
[2] "Viktor" then replied all with pleasantries.

And, unfortunately, TD Bank transaction summaries are provided to customers in a PDF format that can be readily edited to reflect any transaction, amount, or date.



When Deel requested a full bank statement to verify the supposed transfer—a routine step in investigating missing payments—you refused. Instead, you sent copy-pasted "beneficiary details" that did not match Deel's routing information, clearly listed on documents it sent you.

On June 16, 2025, after repeated requests for verifiable documentation, you refused and issued an ultimatum: "If Viktor isn't paid in the next 12 hours or the wire isn't fully returned to us I am going to tweet about how Deel is stealing client funds. You have until 9pm Tel Aviv time to ensure the funds are in Viktor's account or back in ours. No excuse will be accepted, only cash. I will also write the the SDFL United States Attorney if the funds are not properly processed. You should put up your own funds if you cannot find where your system lost ours. I have provided proof of the wire transfer and your team remains silent for days. It was a mistake to trust you guys, clearly."



These threats—copied to a prominent Deel investor—were not a reaction to a failed transaction but a deliberate escalation without any credible basis. When Deel declined to

comply, you partially carried out your threat by posting to your verified X account that Deel was "stealing payments," "will face criminal action soon," and advising the public, "Don't work with Deel." You tagged a known competitor currently engaged in litigation with Deel and a major investor, amplifying your smear campaign.

After Deel explained that your alleged wire had incorrect routing details, you belatedly claimed—weeks after the supposed transfer—that the wire had "bounced," contradicting your prior assertion that it had "processed." You then claimed to be reissuing it, which you never did. On June 28, you again demanded answers, asking if "Deel [is] still in legal trouble? Why aren't wires going through?"

> From: **Ari B. Teman** <ari@teman.com>
> Date: Sat, Jun 28, 2025 at 11:49 PM
> Subject: Fwd: Funds not received for your payment
> To: Spiros Komis <spiros.komis@deel.com>, Marc <marc@a16z.com>, Marca01 <marca01@gmail.com>
> Cc: Viktor K. <viktor@teman.com>
>
> Spiros,
>
> We again followed the instructions and copy pasted the wire info. Why isn't Plaid working? Why have you not replied in a timely manner? Is Deel still in legal trouble? Why aren't wires going through?
>
> Please let me know how I can be helpful.
>
> Ari

The evidence leaves no doubt: you are attempting to defraud and extort Deel, apparently based on the mistaken belief that recent negative publicity made Deel an easy target. You were wrong. Deel will not succumb to coercion, nor will it tolerate defamation.

Your campaign of threats and fabrications is not only baseless but actionable. It is a textbook example of extortion and defamation, designed to inflict reputational and economic harm unless your unfounded demands are met. Let us be clear: Deel will not capitulate to intimidation tactics, and your conduct exposes you to significant legal liability. You are hereby directed to immediately cease and desist from all further misconduct, retract and delete your false statements, and refrain from any further communications with Deel's investors, customers, or competitors regarding these fabricated allegations.

Additionally, you are instructed to preserve and not destroy, alter, conceal, or delete any documents, communications, social media posts, drafts, or other records—whether

electronic or physical—relating to these claims, your communications with Deel, or your public statements. This preservation demand includes all correspondence with third parties, drafts of posts or emails, and any materials concerning your alleged wire transfer. Failure to comply will be considered evidence of spoliation and will be addressed accordingly.

Finally, please be advised that we are forwarding this letter and your correspondence to Assistant United States Attorney Jacob Guttwillig at the U.S. Attorney's Office for the Southern District of New York for further review.

Regards,

*Daniel P. Watkins*

Daniel P. Watkins

*Amy M. Roller*

Amy McCann Roller