UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                  :

  ARI B. TEMAN, et al.,                           :
                                                  :

                            Plaintiffs,         :
                                                  :             25-CV-5852 (JMF)

                  -v-                           :
                                                  :              <u>ORDER</u>

  DEEL, INC., et al,                            :
                                                  :

                            Defendants.      :
                                                  :
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Ari B. Teman and GateGuard, Inc. ("GateGuard"), who are proceeding without counsel, filed a Complaint against multiple Defendants on July 15, 2025.  ECF No. 1 ("Complaint").  The Complaint has multiple deficiencies.  First, although the Complaint pleads both federal question and diversity jurisdiction, *see* Complaint 4, diversity is lacking, *see id.* (stating that one plaintiff and one defendant are citizens of Delaware).  Second, GateGuard is a corporation, and "[i]t is well settled that [it] . . . may not proceed *pro se*."  *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011).  Accordingly, GateGuard is directed to obtain counsel **within 30 days** or show cause why it should be permitted to proceed without counsel.  If it fails to do one or the other, its claims will be dismissed without prejudice without further notice to the parties.

      Finally, Federal Rule of Civil Procedure 11(a) requires "[e]very pleading" to "state the signer's address, e-mail address, and telephone number."  The Complaint fails to list an address for Teman, the signer.  Teman is directed to refile the Complaint **within 30 days** with his address included or show cause why he should not be required to do so.  If he fails to do one or the other, his claims will be dismissed without prejudice.

Separate and apart from the requirements of Rule 11(a), *pro se* parties may consent to electronic service to receive notifications of docket entries by email. The consent form, along with instructions on how to fill it out, can be found at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases. Unless and until a *pro se* party consents to receive electronic service, all counselled parties are required to serve that *pro se* party with copies of documents filed with the Court and to file affidavits of such service with the Court thereafter. To be clear, consenting to electronic service is not a substitute for providing a physical address in the pleadings, as required by Federal Rule 11(a).

Given that Plaintiff's physical address is not on the record, the Clerk of Court is directed to email a copy of this order to Plaintiff at ari@teman.com. Although Plaintiff has not consented to electronic service, the Court will extend this one-time courtesy to Plaintiff to alert him to this Order given that it is the only means with which to serve him at this time.

SO ORDERED.

Dated: July 30, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge