B"H

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

**Case No.:** 1:25-cv-05852-JMF

**ARI B. TEMAN and GATEGUARD, INC.,**

Plaintiff,

v.

**DEEL, INC.,**

**ALEX BOUAZIZ,**

**MICHAEL TSAKIRELLIS,**

**SHELBY UECKERMANN, ALEX PALMER, CALEB SEET, JOSIE NICHOLLS,**

**SPIROS KOMIS,**

**MEIER WATKINS PHILLIPS PUSCH LLP,**

**DANIEL WATKINS,**

**AMY MCCANN ROLLER,**

**MARC ANDREESSEN,**

**and ANDREESSEN HOROWITZ (A16Z),**

Defendants.

**AMENDED COMPLAINT**

**Plaintiffs**, Ari B. Teman, an individual, appearing pro se, and GateGuard, Inc., a Delaware corporation, bring this action against **Defendants** Deel, Inc., Alex Bouaziz, Michael Tsakirellis,

Shelby Ueckermann, Alex Palmer, Caleb Seet, Josie Nicholls, Spiros Komis, Meier Watkins Phillips Pusch LLP, Daniel Watkins, Amy McCann Roller, Marc Andreessen, and Andreessen Horowitz (a16z). Plaintiff GateGuard, Inc. will retain counsel to appear shortly, as required by the Court's Order dated July 30, 2025 (ECF No. 3). (Plaintiff was only made aware of this order on August 12, 2025 via [CourtListener.com](CourtListener.com), and does not see any emails about this matter from the Court or Clerk in his inbox or Spam folder.) Plaintiffs allege as follows:

# INTRODUCTION

1. This action arises from Defendants' coordinated campaign to defame, defraud, and intimidate Plaintiffs through a false and malicious letter dated July 14, 2025, authored by Defendants Daniel Watkins and Amy McCann Roller of Meier Watkins Phillips Pusch LLP (Exhibit H), accusing Plaintiff Teman of "extortion," "defamation," and a "scheme to defraud," and referring the matter to Assistant United States Attorney (AUSA) Jacob Guttwillig in the Southern District of New York (SDNY) to pressure Plaintiffs into silence. Defendants' actions were in response to Plaintiff Teman's legitimate inquiries about a $6,304 wire transfer sent on June 10, 2025, to pay contractor Viktor K., which was misdirected due to incorrect wire information (an ACH routing number instead of an account number) provided by Deel's faulty and confusing mobile interface. Defendants ignored weeks of emails, failed to verify a provided wire confirmation number, demanded an unavailable June 2025 monthly bank statement, and terminated Viktor K.'s contract without explanation, causing Plaintiffs significant financial and emotional harm.

2. Defendants' conduct, orchestrated by Defendant Alex Bouaziz, Deel's CEO, is part of a pattern of criminal activity by Deel, constituting a racketeering enterprise under 18

U.S.C. § 1961 et seq., including wire fraud, false statements, and corporate espionage. Bouaziz personally directed a scheme to steal trade secrets from competitor Rippling, as evidenced by a sworn affidavit from Keith O'Brien, a former Rippling employee, who admitted to spying for Deel under Bouaziz's direct instructions for €5,000/month (Exhibit C). Bouaziz has actively avoided service in Rippling's lawsuit in Ireland, relocating to Dubai, a jurisdiction known for resisting extradition, complicating legal accountability (Exhibit G). This pattern of criminal activity and abuse of process extends to the instant case, where Bouaziz and Deel's leadership used false accusations and a baseless SDNY referral to intimidate Plaintiffs and suppress criticism.

3. Defendants' actions are particularly egregious as they target Plaintiff Teman, known to Defendants as a victim of a "major injustice" and civil rights violations, as stated by U.S. Pardon Attorney Edward Martin, Professor Alan Dershowitz, Professor Lawrence Lessig, SCOTUS case-winning litigator Ronald Coleman, and other legal experts providing pro bono support (see JusticeForAri.org). The judge in Teman's prior case faces two articles of impeachment and a lawsuit for allegedly defrauding Teman and over 70 defendants of conflict-free counsel. Defendants Andreessen, Watkins, Roller, and Meier Watkins Phillips Pusch LLP were aware of this injustice and chose to exacerbate harm to Teman, despite public calls from the U.S. Pardon Attorney and DOJ Head of Civil Rights for his case to be dismissed or pardoned.

4. Plaintiffs seek compensatory and punitive damages in an amount to be determined by a jury, treble damages under RICO in an amount to be determined by a jury, injunctive relief, and costs for **defamation**, **fraud**, **civil conspiracy**, **tortious interference with**

**business relations**, **intentional infliction of emotional distress (IIED)**, and **civil RICO violations**.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (**federal question**) for the RICO claim under 18 U.S.C. § 1964(c) and 28 U.S.C. § 1332 (**diversity**). For diversity jurisdiction, Plaintiff Teman is a citizen of **Florida**, residing in Miami Beach; Plaintiff GateGuard, Inc. is incorporated in **Delaware** with its principal place of business in Florida; Defendant Deel, Inc. is incorporated in **Delaware** with its principal place of business in **California**; Defendants Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, Komis, Meier Watkins Phillips Pusch LLP, Watkins, Roller, Andreessen, and a16z are citizens of **California**; and Defendant Bouaziz is a citizen of the **UAE**. Complete diversity exists as no plaintiff shares citizenship with any defendant (*Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). The amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the financial losses (e.g., wire transfer costs, legal fees, contractor expenses) and treble damages under RICO. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events occurred in this district, including the SDNY referral and harm to Plaintiffs' business interests.

## PARTIES

7. **Plaintiff Ari B. Teman** is an individual resident of Miami Beach, Florida, with a mailing address at 1521 Alton Road, #888, Miami Beach, FL 33139, and an office at 1680 Michigan Ave, Miami Beach, FL 33139. He is the founder of GateGuard, Inc.

8. **Plaintiff GateGuard, Inc.** is a Delaware corporation with its principal place of business at 1680 Michigan Ave, Miami Beach, FL 33139. GateGuard will retain counsel to appear shortly, in compliance with the Court's Order dated July 30, 2025 (ECF No. 3), as corporations cannot proceed pro se (*Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011)).

9. **Defendant Deel, Inc.** is a Delaware corporation with its principal place of business at 650 2nd Street, San Francisco, CA 94107, providing HR and payroll services.

10. **Defendant Alex Bouaziz** is an individual, CEO of Deel, Inc., residing in Dubai, UAE, who has actively avoided service in Rippling's lawsuit and personally directed Deel's criminal activities and abuse of process.

11. **Defendant Michael Tsakirellis** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, who corresponded with Teman regarding the wire transfer (Exhibit A).

12. **Defendant Shelby Ueckermann** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, who responded belatedly to Teman's inquiries (Exhibit A).

13. **Defendant Alex Palmer** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

14. **Defendant Caleb Seet** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

15. **Defendant Josie Nicholls** is an individual employed by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

16. **Defendant Spiros Komis** is an individual employed as an internal attorney by Deel, Inc., residing at 650 2nd Street, San Francisco, CA 94107, copied on the email thread (Exhibit A).

17. **Defendant Meier Watkins Phillips Pusch LLP** is a law firm representing Deel, Inc., with a principal place of business in California.

18. **Defendant Daniel Watkins** is an attorney at Meier Watkins Phillips Pusch LLP, residing in California, who drafted or authorized the July 14, 2025 letter (Exhibit H).

19. **Defendant Amy McCann Roller** is an attorney at Meier Watkins Phillips Pusch LLP, residing in California, who drafted or authorized the July 14, 2025 letter (Exhibit H).

20. **Defendant Marc Andreessen** is an individual and principal of Andreessen Horowitz, residing in California.

21. **Defendant Andreessen Horowitz (a16z)** is a venture capital firm with a 20% stake in Deel, Inc., headquartered in California.

## FACTUAL ALLEGATIONS

22. On June 4, 2025, Plaintiff Teman created a Deel account for GateGuard to pay contractor Viktor K. $6,304 for full-stack engineering services, as evidenced by the contract (Exhibit B, Gmail - Deel.PDF, p. 3).

23. On June 10, 2025, Teman used Deel's copy-paste mobile interface to send the wire, which provided an ACH routing number instead of an account number, causing the funds to go to the wrong Chase Bank account.

24. Teman provided a wire confirmation number, verifiable by Deel with Chase Bank, and sent multiple emails to Defendants Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, and Komis from June 10 to June 18, 2025, seeking clarification, which were ignored for weeks (Exhibit A, Gmail - Teman x Deel.PDF, pp. 1, 6, 9).

25. On June 18, 2025, Defendant Ueckermann responded, stating, "This matter was recently escalated to me by our local teams in APAC," and requested a screenshot of the wire information, admitting Deel's delay (Exhibit A, p. 9). Teman replied, questioning Ueckermann's role and threatening legal action against Deel and "A16Z" for failing to pay Viktor K. or return the funds, stating, "It is now two weeks of your failure to pay our contractor the funds we sent you or to return them" (Exhibit A, p. 9).

26. Teman resent the wire with corrected information, but Defendants provided no reply and terminated Viktor K.'s contract without explanation, raising suspicions of a Ponzi scheme given Deel's legal troubles (Exhibit B, p. 3).

27. Teman paid Viktor K. via a competitor platform, demonstrating good faith and making no demands beyond ensuring Deel paid Viktor K. with the wired funds.

28. On July 14, 2025, Defendants Watkins and Roller, on behalf of Meier Watkins Phillips Pusch LLP and Deel, sent a letter to Teman (Exhibit H), accusing him of "extortion," "defamation," and a "scheme to defraud," claiming he fabricated the wire issue and posted defamatory X posts (e.g., Deel "stealing payments"). The letter, referred to AUSA

Jacob Guttwillig, omitted Teman's emails, wire confirmation, and verifiable transactions, and demanded a June 2025 bank statement, knowing it was unavailable as the month had not ended. Defendant Komis, as Deel's internal attorney, and Defendant Bouaziz, as CEO, participated in or approved this strategy as part of Deel's pattern of abusing legal processes to silence critics.

29. AUSA Guttwillig's alleged disclosure and ethical violations in a prior case against Teman amplified the harm of the referral, given his potential bias.

30. Defendants' actions caused Plaintiffs weeks of wasted time, expenses for Viktor K. and GateGuard, legal fees to address the SDNY referral, and severe emotional distress to Teman, exacerbated by his ongoing legal challenges and the letter's reference to his prior wire fraud conviction.

31. Deel's pattern of criminal activity, directed by Defendant Alex Bouaziz, includes corporate espionage, wire fraud, and false statements, as documented in news articles and court filings: a. Keith O'Brien, a former Rippling employee, admitted in a sworn affidavit filed in Ireland's High Court that Bouaziz personally recruited him to spy on Rippling, offering €5,000/month to steal trade secrets, including corporate strategy and customer data, stating, "Alex told me he 'had an idea.' He suggested that I remain at Rippling and become a 'spy' for Deel, and I recall him specifically mentioning James Bond" (Exhibit C, TechCrunch, Apr. 2, 2025; Exhibit G). b. Bouaziz directed O'Brien to search Rippling's Slack, Salesforce, and Google Drive, communicating via Telegram with self-deleting messages to avoid detection (Exhibit G; Business Insider, Apr. 2, 2025; Ctech, Apr. 2, 2025). c. Bouaziz orchestrated a cover-up, instructing O'Brien to destroy

his phone after Rippling's honeypot trap exposed the scheme. O'Brien smashed his phone with an axe and disposed of it, per Deel's legal team's advice, to erase evidence (Exhibit G). d. Bouaziz directed O'Brien to file false law enforcement reports alleging Rippling violated Russian sanctions, an attempt to deflect liability (Ctech, Apr. 2, 2025). e. Bouaziz actively avoided service in Rippling's lawsuit, with French bailiffs unable to locate him in Paris on April 10, 2025, as he relocated to Dubai, a jurisdiction known for resisting extradition. Deel's legal team, including Asif Malik, also moved to Dubai, further complicating service (Exhibit G; TechCrunch, Apr. 15, 2025; Ctech, Apr. 14, 2025). Bouaziz only accepted service on April 29, 2025, after prolonged evasion (TechCrunch, Apr. 29, 2025). f. Deel's espionage targeted at least four competitors, with Bouaziz personally directing the "Bouaziz Racketeering Enterprise" to steal trade secrets, as alleged in Rippling's amended complaint (Rippling, Jun. 5, 2025). g. Deel's false claims against Rippling, accusing it of spying, were made to deflect liability, further evidencing abuse of process (Exhibit E, TechCrunch, Jun. 3, 2025; Exhibit F, The Irish Times, Jul. 10, 2025).

32. Defendants Deel, Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, Komis, Watkins, Roller, Andreessen, and a16z coordinated to silence Teman's legitimate criticisms, motivated by Andreessen's 20% stake in Deel and their $12 billion valuation and IPO plans, as evidenced by Teman's reference to "A16Z" (Exhibit A, p. 9). Bouaziz's history of directing criminal activities and evading legal accountability demonstrates Deel's willful abuse of process in this case.

**EXHIBITS**

- **Exhibit A**: Gmail - Teman x Deel.PDF (email thread, Jun. 4–18, 2025).
- **Exhibit B**: Gmail - Deel.PDF (contract details, Jun. 4, 2025).
- **Exhibit C**: TechCrunch, "Former Rippling employee admits to spying for rival firm Deel," Apr. 2, 2025.
- **Exhibit D**: The New York Times, "Rippling Sues Deel, a Software Rival, Over Corporate Spying," Mar. 17, 2025.
- **Exhibit E**: TechCrunch, "Now Deel is accusing Rippling of spying by 'impersonating' a customer," Jun. 3, 2025.
- **Exhibit F**: The Irish Times, "Judge says he was unfair to law firm in HR companies 'spy' case," Jul. 10, 2025.
- **Exhibit G**: Rippling affidavit of Keith O'Brien, filed in Ireland's High Court, Apr. 1, 2025.
- **Exhibit H**: Watkins email and letter to Teman, dated July 14, 2025.

**COUNT I: Defamation (Libel)**

33. Defendants Deel, Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, Komis, Meier Watkins Phillips Pusch LLP, Watkins, Roller, Andreessen, and a16z published a false written statement in the July 14, 2025 letter (Exhibit H), accusing Teman of "extortion," "defamation," and a "scheme to defraud," claiming he fabricated the wire transfer issue.

34. The statements were false, as Teman used Deel's copy-paste interface, provided a verifiable wire confirmation, and sent emails seeking clarification, which Defendants ignored (Exhibit A).

35. The letter was published to AUSA Guttwillig, satisfying the third-party requirement.

36. Defendants acted with actual malice, omitting Teman's emails, wire confirmation, and transactions, and demanding an unavailable June 2025 statement, knowing their accusations were baseless. Defendant Bouaziz, with a history of directing false claims (Exhibit G), and Defendant Komis, as Deel's attorney, participated in or approved this strategy as part of Deel's pattern of abuse of process (*Park Knoll Assocs. v. Schmidt*, 59 N.Y.2d 205 (1983)).

37. Plaintiffs suffered reputational harm (amplified by Teman's prior conviction), legal fees to address the SDNY referral, and emotional distress to Teman, worsened by AUSA Guttwillig's alleged bias.

38. **Relief**: Compensatory and punitive damages in an amount to be determined by a jury, and injunctive relief to retract the letter.

**COUNT II: Fraud**

39. Defendants Deel, Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, and Komis provided incorrect wire information (ACH routing number) in Deel's mobile interface, a material false representation.

40. Defendants, led by Bouaziz, intended to defraud Plaintiffs, as shown by their weeks-long silence (Exhibit A), failure to verify the wire confirmation with Chase Bank, and false letter accusing Teman of fraud while omitting his efforts (Exhibit H). Bouaziz's pattern of fraudulent conduct, including directing false claims against Rippling (Exhibit E), supports this intent.

41. Teman reasonably relied on Deel's interface, causing the misdirected wire.

42. Plaintiffs suffered damages, including costs to reverse the wire, expenses from Viktor K.'s termination, legal fees, and lost time.
43. **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

## COUNT III: Civil Conspiracy

44. Defendants agreed to defame and defraud Plaintiffs through the false July 14, 2025 letter and SDNY referral, with overt acts including drafting and sending the letter by Defendants Watkins, Roller, and Komis, under Bouaziz's direction (Exhibit H).
45. The conspiracy aimed to silence Teman's legitimate criticisms, motivated by Andreessen's 20% stake in Deel and their $12 billion valuation and IPO plans, as referenced in Teman's June 18, 2025 email to "A16Z" (Exhibit A, p. 9). Bouaziz's history of orchestrating criminal schemes, including espionage and cover-ups (Exhibit G), demonstrates his leadership in this conspiracy.
46. Underlying torts are defamation (false accusations) and fraud (false wire information and letter misrepresentations), causing reputational, financial, and emotional harm.
47. **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

## COUNT IV: Tortious Interference with Business Relations

48. Plaintiffs had a business relationship with Viktor K., a GateGuard contractor, as evidenced by the June 4, 2025 contract (Exhibit B, p. 3).
49. Defendants, led by Bouaziz, intentionally interfered by providing incorrect wire information, ignoring Teman's emails (Exhibit A), terminating Viktor K.'s contract

without explanation (Exhibit B), and sending the false letter and SDNY referral (Exhibit H).

50. Defendants acted with intent to harm, causing expenses from Viktor K.'s termination, lost business opportunities for GateGuard, and legal fees. Bouaziz's pattern of targeting competitors' operations (Exhibit G) supports this intent.

51. **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

## COUNT V: Intentional Infliction of Emotional Distress (IIED)

52. Defendants' conduct—providing false wire information, ignoring weeks of emails (Exhibit A), terminating Viktor K.'s contract (Exhibit B), and sending a false letter with an SDNY referral accusing Teman of criminal conduct (Exhibit H)—was extreme and outrageous, exceeding all bounds of decency (*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993)).

53. Defendants, led by Bouaziz, acted with intent or reckless disregard, knowing Teman's prior legal challenges and AUSA Guttwillig's alleged bias would amplify distress, as evidenced by their omission of Teman's emails, wire confirmation, and transactions, and demand for an unavailable statement. Defendant Komis, as Deel's attorney, and Bouaziz, with a history of directing abusive legal tactics (Exhibit G), participated in or approved this strategy.

54. Plaintiff Teman suffered severe emotional distress, including stress, duress, and legal fees, exacerbated by his ongoing legal battles.

55. **Relief**: Compensatory and punitive damages in an amount to be determined by a jury.

## COUNT VI: Civil RICO (18 U.S.C. § 1962(c))

56. Defendant Deel operates as a racketeering enterprise, directed by Defendant Alex Bouaziz, engaging in a pattern of racketeering activity, including wire fraud (18 U.S.C. § 1343), false statements (18 U.S.C. § 1001), and theft of trade secrets (18 U.S.C. § 1832) (*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)).

57. Predicate acts include: a. Providing false wire information (ACH routing number) to Teman, causing a misdirected wire on June 10, 2025 (Exhibit A). b. Sending a false letter to AUSA Guttwillig on July 14, 2025, accusing Teman of criminal conduct, omitting verifiable evidence (Exhibit H). c. Bouaziz personally recruiting Keith O'Brien to spy on Rippling, paying €5,000/month to steal trade secrets, including corporate strategy and customer data, using Telegram with self-deleting messages to avoid detection: "Alex told me he 'had an idea.' He suggested that I remain at Rippling and become a 'spy' for Deel, and I recall him specifically mentioning James Bond" (Exhibit C, TechCrunch, Apr. 2, 2025; Exhibit G). d. Bouaziz directing O'Brien to file false law enforcement reports alleging Rippling violated Russian sanctions, and instructing him to destroy his phone to erase evidence, which O'Brien did by smashing it with an axe (Exhibit G; Business Insider, Apr. 2, 2025). e. Bouaziz avoiding service in Rippling's lawsuit by relocating to Dubai, with French bailiffs unable to locate him in Paris on April 10, 2025, and only accepting service on April 29, 2025, after prolonged evasion (TechCrunch, Apr. 15, 2025; TechCrunch, Apr. 29, 2025). f. Deel's espionage targeting at least four competitors, with Bouaziz personally directing the "Bouaziz Racketeering Enterprise" to steal trade secrets, as alleged in Rippling's amended complaint (Rippling, Jun. 5, 2025). g. Deel's false claims against Rippling, accusing it of spying, to deflect liability, further evidencing

abuse of process (Exhibit E, TechCrunch, Jun. 3, 2025; Exhibit F, The Irish Times, Jul. 10, 2025).

58. Defendants Bouaziz, Tsakirellis, Ueckermann, Palmer, Seet, Nicholls, Komis, Meier Watkins Phillips Pusch LLP, Watkins, Roller, Andreessen, and a16z participated in the enterprise's affairs by ignoring Teman's emails, drafting the false letter, and coordinating to protect Deel's valuation, as motivated by Andreessen's 20% stake and referenced in Teman's email to "A16Z" (Exhibit A, p. 9). Bouaziz's leadership in Deel's criminal activities and abuse of process, including evading service, ties directly to this case.

59. Plaintiffs suffered injury to business and property, including legal fees, expenses from Viktor K.'s termination, and lost time, proximately caused by Defendants' racketeering activities.

60. **Relief**: Treble damages in an amount to be determined by a jury, injunctive relief to enjoin further racketeering, and attorney's fees.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request:

A. Compensatory damages in an amount to be determined by a jury.

B. Punitive damages in an amount to be determined by a jury.

C. Treble damages under RICO in an amount to be determined by a jury.

D. Injunctive relief to retract the July 14, 2025 letter and enjoin further racketeering.

E. Costs and attorney's fees, if applicable.

F. Such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

**INTENTION TO RETAIN COUNSEL FOR GATEGUARD**

Plaintiff GateGuard, Inc. intends to retain counsel, who will appear shortly, in compliance with the Court's Order dated July 30, 2025 (ECF No. 3), due to the requirement that corporations be represented by licensed counsel. Plaintiff Teman files this Amended Complaint pro se to address the Court's order and ensure transparency against Defendants' egregious conduct.

# CERTIFICATION

I, Ari B. Teman, certify that the foregoing is true and correct to the best of my knowledge. I understand that false statements may be subject to penalties under 28 U.S.C. § 1746.

**Dated: August 12, 2025**

**/s/ Ari B. Teman**

Ari B. Teman, Pro Se

1521 Alton Road, #888

Miami Beach, FL 33139

ari@teman.com

212-203-3714

# LIST OF EXHIBITS

**Exhibit A**: *Gmail - Teman x Deel.PDF*

- Description: Email thread between Ari Teman and Deel employees (Michael Tsakirellis, Shelby Ueckermann, Alex Palmer, Caleb Seet, Josie Nicholls, Spiros Komis) from June 4 to June 18, 2025, documenting Teman's attempts to resolve the wire transfer issue and Deel's unresponsiveness. Key emails include Ueckermann's June 18 response admitting escalation (p. 9) and Teman's reply threatening legal action against Deel and "A16Z" (p. 9).
- Relevance: Supports claims of defamation, fraud, civil conspiracy, tortious interference, IIED, and RICO by showing Deel's bad faith, omission of evidence in the July 14, 2025 letter, and coordination with a16z.

**Exhibit B**: *Gmail - Deel.PDF*

- Description: Email thread between Ari Teman and Spiros Komis

**Exhibit C**: *TechCrunch, "Former Rippling employee admits to spying for rival firm Deel," Apr. 2, 2025*

- Description: Article reporting Keith O'Brien's sworn affidavit admitting that Deel CEO Alex Bouaziz recruited him to spy on Rippling for €5,000/month, stating, "O'Brien said he was recruited by Deel CEO Alex Bouaziz to pass on confidential information about Rippling for about 5,000 euros per month."
- Relevance: Supports RICO claim by evidencing Deel's pattern of racketeering activity (theft of trade secrets) and Bouaziz's direct involvement.

**Exhibit D**: *The New York Times, "Rippling Sues Deel, a Software Rival, Over Corporate Spying," Mar. 17, 2025*

- Description: Article detailing Rippling's lawsuit against Deel for corporate espionage, implicating Deel's top executives, including Bouaziz, in orchestrating the scheme.
- Relevance: Supports RICO claim by reinforcing Deel's pattern of criminal activity and executive involvement.

**Exhibit E**: *TechCrunch, "Now Deel is accusing Rippling of spying by 'impersonating' a customer," Jun. 3, 2025*

- Description: Article reporting Deel's false counterclaims against Rippling to deflect liability, stating, "Deel appears to be attempting to make a tit-for-tat case about corporate spying."
- Relevance: Supports RICO and conspiracy claims by showing Deel's pattern of using false legal claims to suppress competitors and critics, consistent with their actions against Teman.

**Exhibit F**: *The Irish Times, "Judge says he was unfair to law firm in HR companies 'spy' case," Jul. 10, 2025*

- Description: Article confirming Deel's involvement in espionage litigation and the broader legal dispute with Rippling.
- Relevance: Supports RICO claim by corroborating Deel's pattern of unlawful conduct.

**Exhibit G**: *Rippling affidavit of Keith O'Brien, filed in Ireland's High Court, Apr. 1, 2025*

- Description: Sworn affidavit by Keith O'Brien detailing Bouaziz's personal direction of the espionage scheme, including instructions to use Telegram with self-deleting messages, file false law enforcement reports, and destroy evidence (e.g., smashing his phone with an axe). Also documents Bouaziz's avoidance of service in France, relocating to Dubai. Referenced in web sources (TechCrunch, Apr. 2, 2025; Business Insider, Apr. 2, 2025; Ctech, Apr. 14, 2025).
- Relevance: Supports RICO, conspiracy, and other claims by evidencing Bouaziz's leadership in Deel's criminal enterprise, abuse of process, and evasion of legal accountability.

**Exhibit H:** Watkins email and letter to Teman