UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 1:25-cv-05852 (JMF)

**ARI B. TEMAN and GATEGUARD, INC.,**

Plaintiffs,

v.

**DEEL, INC., ALEX BOUAZIZ, MICHAEL TSAKIRELLIS, SHELBY UECKERMANN, ALEX PALMER, CALEB SEET, JOSIE NICHOLLS, SPIROS KOMIS, MEIER WATKINS PHILLIPS PUSCH LLP, DANIEL WATKINS, AMY MCCANN ROLLER, MARC ANDREESSEN, and ANDREESSEN HOROWITZ (A16Z),**

Defendants.

## MOTION TO COMPEL MEDIATION

**Plaintiffs**, Ari B. Teman, appearing pro se, and GateGuard, Inc., a Delaware corporation, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 16(a)(5) and SDNY Local Civil Rule 83.9, to compel mediation in this action to conserve judicial resources and the parties' funds, particularly for GateGuard, Inc., a startup with limited financial resources. In support of this motion, Plaintiffs state as follows:

## MEMORANDUM OF LAW

### I. Introduction

1. Plaintiffs Ari B. Teman and GateGuard, Inc. filed this action alleging defamation, fraud, civil conspiracy, tortious interference with business relations, intentional infliction of emotional distress (IIED), and civil RICO violations against Defendants, stemming from a misdirected $6,304 wire transfer and a false letter dated July 14, 2025, accusing Teman of criminal conduct (ECF No. 1, Amended Complaint). The dispute involves complex factual and legal issues, including Defendants' alleged pattern of racketeering activity and abuse of process, which would benefit from early mediation to explore resolution and reduce litigation costs.

2. GateGuard, Inc., a startup, seeks to conserve funds, and mediation offers a cost-effective alternative to protracted litigation. Defendants, including Deel, Inc., a corporation with a $12 billion valuation, and Andreessen Horowitz, a venture capital firm with a 20% stake in Deel, would also benefit from mediation to avoid escalating legal expenses and potential reputational harm. Teman is an officer of GateGuard authorized to make this request on the corporation's behalf.

3. This motion requests that the Court issue a Mediation Referral Order to the SDNY Mediation Program, which provides free or low-cost mediators, or allow the parties to select a private mediator, to facilitate settlement discussions at the earliest practicable stage, consistent with Fed. R. Civ. P. 1 and 16(a)(5).

## II. Legal Standard

4. Under Fed. R. Civ. P. 16(a)(5), the Court may order parties to a pretrial conference to facilitate settlement, and under its inherent authority to manage its docket, the Court may compel mediation to promote efficient case resolution (*In re Atl. Pipe Corp.*, 304 F.3d 135, 140 (1st Cir. 2002); SDNY Loc. Civ. R. 83.9(e)(3)).

5. SDNY Local Civil Rule 83.9 authorizes judges to refer cases to the Court's Mediation Program, which provides quality dispute resolution services at no or low cost, particularly suitable for pro se litigants and resource-constrained parties like GateGuard (SDNY Mediation Program Procedures, www.nysd.uscourts.gov).[](https://www.nysd.uscourts.gov/programs/mediation-adr) ([http://www.nysd.uscourts.gov).[](https://www.nysd.uscourts.gov/programs/mediation-adr))

6. The SDNY Mediation Program permits pro se parties, including corporations, to participate in mediation without counsel, as mediation is a non-binding process focused on negotiation, not legal representation (SDNY Mediation Program Procedures). This distinguishes mediation from litigation, where corporations must be represented by counsel (*Hounddog Prods.*, 767 F. Supp. 2d at 486).

## III. Argument

### A. Mediation Will Conserve Judicial Resources and Parties' Funds

7. This case involves multiple defendants, complex claims (e.g., RICO, defamation, fraud), and significant factual disputes, including a misdirected wire transfer and allegations of corporate espionage (Amended Complaint, ¶¶ 22–32). Mediation offers a streamlined process to resolve these issues without burdening the Court's docket, which remains crowded post-pandemic.

8. GateGuard, Inc., as a startup, faces financial constraints that make prolonged litigation unsustainable. The SDNY Mediation Program's free or low-cost mediators provide an affordable alternative, allowing GateGuard to conserve funds while pursuing resolution.

9. Defendants, including Deel, Inc., a multi-billion-dollar corporation, and Andreessen Horowitz, would benefit from mediation to mitigate legal costs and potential reputational damage from public litigation, especially given Deel's ongoing legal troubles (Amended Complaint, 31; Exhibit G).

10. Mediation aligns with Fed. R. Civ. P. 1's mandate to secure the "just, speedy, and inexpensive" resolution of disputes, as it allows parties to explore creative solutions unavailable in traditional litigation, such as reinstating Viktor K.'s contract or refunding the wire transfer (Amended Complaint, ¶¶ 26–27).

### B. Mediation Is Appropriate for Pro Se Parties, Including Corporations

11. Plaintiff Teman proceeds pro se, and GateGuard, Inc. will retain counsel for litigation per the Court's July 30, 2025 Order (ECF No. 3). However, the SDNY Mediation Program expressly accommodates pro se parties, including corporations, as mediation does not require formal legal representation (SDNY Mediation Program Procedures).

12. GateGuard, represented by Teman or a designated officer, can participate in mediation to negotiate in good faith, with the option to retain counsel if the Court deems it necessary.

This flexibility ensures GateGuard's participation without immediate financial strain, supporting its status as a resource-limited startup.

13. The Mediation Program's trained mediators are equipped to handle cases involving pro se litigants, ensuring fairness and neutrality while probing the strengths and weaknesses of each party's position (SDNY Mediation Program Procedures).

## C. Mediation Is Timely and Warranted Given the Case's Complexity

14. The case's early stage makes it ideal for mediation, as discovery has not yet commenced, and mediation can prevent costly motion practice (e.g., motions to dismiss or for summary judgment). The Court's authority under Local Rule 83.9(e)(3) allows referral "at any stage of the litigation," and early referral maximizes efficiency.

15. The allegations of bad faith by Defendants, including ignoring Teman's emails and sending a false letter to AUSA Guttwillig (Amended Complaint, ¶¶ 24–28, Exhibit H), suggest a mediator's objective perspective could bridge gaps and foster settlement, avoiding further escalation.

16. Even if mediation does not result in settlement, it will clarify issues, lay groundwork for future negotiations, and provide Plaintiffs an opportunity to present their case, consistent with the Mediation Program's goals (SDNY Mediation Program Procedures).

## IV. Proposed Mediation Process

17. Plaintiffs request referral to the SDNY Mediation Program for assignment of a free mediator with expertise in commercial disputes, given the case's allegations of fraud, defamation, and tortious interference. Alternatively, Plaintiffs are open to selecting a private mediator if Defendants agree to share costs, subject to GateGuard's financial constraints.

18. Mediation should occur within 60 days of the Court's order, with sessions conducted in-person at the SDNY Courthouse (500 Pearl Street, New York, NY 10007) or virtually via ZoomGov, as arranged by the Mediation Office, to accommodate all parties, including Defendant Bouaziz in Dubai (Amended Complaint, ¶ 10).

19. Plaintiffs commit to participating in good faith, and GateGuard will designate Teman or another officer to represent it, with counsel to appear if required by the Court or mediator.

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and issue a Mediation Referral Order to the SDNY Mediation Program or allow the parties to select a private mediator. Mediation will conserve judicial resources, reduce costs for all parties, particularly GateGuard, and promote a just and speedy resolution, consistent with Fed. R. Civ. P. 1 and 16(a)(5).

## PRAYER FOR RELIEF

Plaintiffs respectfully request:

    A. An order compelling mediation under the SDNY Mediation Program or with a private mediator, to be conducted within 60 days.

    B. Staying any dismissal of GateGuard's claims and requirement to retain counsel until resolution of mediation.

    C. Such other relief as the Court deems just.

## CERTIFICATION

I, Ari B. Teman, certify that the foregoing is true and correct to the best of my knowledge. I understand that false statements may be subject to penalties under 28 U.S.C. § 1746. Pursuant to SDNY Local Civil Rule 7.1, I certify that this motion is supported by a memorandum of law and is not frivolous.

Dated: August 12, 2025

/s/ Ari B. Teman

Ari B. Teman, Pro Se

1521 Alton Road, #888

Miami Beach, FL 33139

ari@teman.com

212-203-3714