UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                     :

ARI B. TEMAN, et al.,                         :

                   Plaintiffs,      :

                                 :        25-CV-5852 (JMF)

          -v-                   :

                                 :        ORDER OF DISMISSAL

DEEL, INC., et al.,                     :

                   Defendants.     :

                                 :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff was on notice after this Court's December 5, 2025 order to show cause, *see* ECF No. 24, that any failure to communicate with the Court by January 5, 2026, as to whether Plaintiff has served Defendants or had good cause for why service had not been effected would result in dismissal.  In light of Plaintiff's lack of communication to that end, dismissal of the case is warranted.  However, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. See Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close the case and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 12, 2026
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

2